UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAL SALEH,

    Plaintiff,

v.

HOME LOAN SERVICES, INC., d/b/a
NATIONAL CITY HOME LOAN SERVICES,
INC., d/b/a FIRST FRANKLIN LOAN
SERVICES,

    Defendant.
_____/

Case No. 09-10033
Honorable Patrick J. Duggan

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 17, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiff filed this action in the Circuit Court for Wayne County, Michigan, after foreclosure proceedings were instituted with respect to real property located at 7518 Kingsbury Street in Dearborn Heights, Michigan.  Defendant Home Loan Services, Inc. ("HLS") removed the action to federal court on January 6, 2009.  Presently before the Court is HLS's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c), filed June 15, 2009.  The motion has been fully briefed and this Court held a motion hearing on August 6, 2009.

**Standard for Summary Judgment**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the "nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Fed. R. Civ. P. 56(e)). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255, 106 S. Ct. at 2513.

**Background and Analysis**

In 2005, Plaintiff purchased a home located at 7518 Kingsbury Street in Dearborn Heights, Michigan ("property").  In connection with the purchase, "Plaintiff entered into a mortgage for $178,000 with First Franklin Financial Corporation . . .."  (Def.'s Mot. at 1.) HLS contends that it is not the mortgage lender, but the service provider, and that it was not involved in the loan's origination whatsoever.  (*Id.*)

At the hearing on August 6, 2009, Plaintiff's counsel acknowledged that the claims asserted in Plaintiff's Complaint are directed at the "lender."  Counsel for HLS has asserted in response to Plaintiff's lawsuit, and again at the hearing, that HLS is not the lender.  Plaintiff's counsel does not dispute that the mortgage shows the lender to be "First Franklin, a Division of Nat[ional] City Bank of In[diana]," and that the Settlement Statement also refers to the same entity as the lender.

When asked why Plaintiff's counsel named the "services entities" as defendants, counsel responded that when he searched for the proper entity on Michigan's official website used to list business entities, he could not locate an entity bearing the name "First Franklin."  Counsel represented that the only entity he located on the Michigan website was First Franklin Loan Services, of which the remaining defendants were "d/b/a's".

Plaintiff's counsel further acknowledged at the hearing that the essence of Plaintiff's Complaint against the lender is that it engaged in "predatory lending" by inducing Plaintiff to assume a loan that he could not afford.  Plaintiff alleges that he had no income and was living on student loans when he obtained the loan.  According to

3

HLS, however, Plaintiff indicated on the Uniform Residential Loan Application that he was employed as a manager of a retail store, earning approximately $3,500 a month. (Def.'s Reply Ex. A.) This application was signed by Plaintiff. (*Id*.) HLS' counsel indicated that she had a copy of the loan application with her at the hearing and offered to show it to Plaintiff's counsel (a copy of the application also was attached to HLS' reply brief).

Plaintiff's counsel responded that, just because HLS has a copy of a loan application indicating Plaintiff was earning $3,500 a month does not mean the information on the application was provided by Plaintiff. Yet Plaintiff's counsel lacked any evidence to dispute that Plaintiff provided the information contained on the application or that he signed the application. However, Plaintiff's counsel further responded that, even if Plaintiff verbally informed the lender he was earning $3,500 a month, that would not preclude Plaintiff from bringing an action against the lender if, at the time of the loan, Plaintiff in actuality had no income. As the Court informed Plaintiff's counsel at the hearing, it is inconceivable that an individual can represent to a lender that he is earning $3,500 a month when applying for a loan, obtain the loan from the lender, and then sue the lender because the applicant in fact had no income.

In response to HLS' motion for summary judgment, in which HLS argued that it is entitled to relief because it is not the lender, Plaintiff asserted that "First Franlkin originated the loan on behalf of [HLS], and is thus [HLS'] agent and assignor. Therefore the acts and omissions of First Franklin are attributable to [HLS] by law." (Pl.'s Resp. at

4

1.) Plaintiff's counsel did not reassert this argument at the motion hearing. To the extent Plaintiff is still relying on an agent/assignor theory to hold HLS liable, he offers not a "scintilla of evidence" to support this factual statement. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.

Based on the evidence that HLS has provided to the Court, this Court is satisfied that neither HLS, National City Home Loan Services, Inc., nor First Franklin Loan Services were the lender and that Plaintiff has no basis for asserting the claims contained in the Complaint against these defendants.[1]

Accordingly,

**IT IS ORDERED**, that Defendant's motion for summary judgment is **GRANTED**.

---

[1] At the hearing on August 6, 2009, Plaintiff's counsel asked permission to amend the complaint to add the "actual lender." Because the Court has determined that this lawsuit should not have been brought against the defendants named in the Complaint, there is no reason why these defendants should continue to be named (which would be the case if the complaint was amended to add another defendant). Moreover the Court does not believe that leave to amend should be granted at this late stage of the proceedings, particularly where HLS put Plaintiff on notice early on that he had sued the wrong party.

If Plaintiff believes that he has a cause of action against another party, Plaintiff will need to bring a separate and independent lawsuit against that party. However, even when asserted against the lender, most of the claims (and all of the claims related to Plaintiff's assertion of "predatory lending") fail as a matter of law. As HLS asserts in its motion for summary judgment, the Michigan Consumer Protection Act does not apply to residential loan transactions. *See, e.g., Mills v. Equicredit Corp.*, 294 F. Supp. 2d 903, 910 (E.D. Mich. 2003); *Newton v. West*, 262 Mich. App. 439-40, 686 N.W.2d 491, 493-94 (2004). Michigan has not recognized a claim of "predatory lending" and, even if such a claim were recognized, the undisputed facts do not support such a claim. Finally, Plaintiff's claims under the Truth and Lending Act and the Home Ownership Equity Protection Act are barred by the applicable statute of limitations. 15 U.S.C. § 1640(e).

                                          s/PATRICK J. DUGGAN  
                                          UNITED STATES DISTRICT JUDGE

Copies to:  
Edward L. Ewald, Jr.  
Kassem M. Dakhlallah  
William G. Asimakis, Jr.  
Julie L. Druzinski